## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHARLES FELTON**                                                              **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:15-cv-167-CWR-FKB**

**ALEXANDER BARRIENTOS d/b/a GULF**
**AMERICAN TRANSPORTATION, JULIO**
**CESAR ZELAYA, and JOHN DOES 1-10**                          **DEFENDANTS**

### DEFENDANT ALEXANDER BARRIENTOS
### d/b/a GULF AMERICAN TRANSPORTATION'S
### AFFIRMATIVE DEFENSES AND ANSWER

Alexander Barrientos d/b/a Gulf American Transportation ("Barrientos"), incorrectly identified as Gulf American Transportation, responds to the First Amended Complaint filed herein by Charles Felton ("Plaintiff"), and hereby files its Answer and Affirmative Defenses thereto, and would show unto the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and therefore, this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Any injuries of which Plaintiff complains that existed prior to the accident at issue or were not caused or aggravated by the accident at issue are not compensable.

1

**FOURTH AFFIRMATIVE DEFENSE**

The damages claimed by the Plaintiffs were caused in whole or in part by the negligence of Virgil Neely.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages claimed by the Plaintiff which were and/or may have been proximately caused as a result of superseding and/or intervening causes are damages for which Barrientos cannot be held liable and for which recovery cannot be had against Barrientos.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff has received or will in the future receive any payment or compensation from any other party, person or entity as compensation for his alleged damages, Barrientos affirmatively pleads the doctrine of accord and satisfaction and is entitled to a set-off or credit for any such compensation received by the Plaintiff in the event that Barrientos is found to be liable in this matter for any of Plaintiff's alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

If it is found that Barrientos was negligent in some degree, and if it is also found that Plaintiff or any other potential tortfeasor, party or non-party to this action was also negligent, contributing to the proximate cause of the Plaintiff's alleged damages, if any,

the damages assessed against Barrientos should be reduced by the percentage of fault apportioned to the Plaintiff, tortfeasors, parties or non-parties, if any, pursuant to Miss. Code Ann. § 85-5-7.

## EIGHTH AFFIRMATIVE DEFENSE

Barrientos affirmatively pleads any and all rights of indemnity and contribution it may have against any party or nonparty, whether by contract or under common law.

## NINTH AFFIRMATIVE DEFENSE

Barrientos asserts all available affirmative defenses provided under Rule 8 of the Mississippi Rules of Civil Procedure. Specifically, Barrientos pleads accord, satisfaction, *estoppel*, *laches*, waiver and any other affirmative defense which may become apparent as discovery progresses.

## TENTH AFFIRMATIVE DEFENSE

Barrientos asserts all available affirmative defenses provided under Rule 12 of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

Barrientos pleads the applicable provisions of section 11-1-65 of the Mississippi Code of 1972, as amended, in response to the Plaintiff's punitive damages claim.

## TWELFTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages would violate the Constitution of the United States of America, including but not limited to the Fourteenth Amendment thereof, and would also violate the provisions of the Mississippi Constitution, including

but not limited to Section Twenty-Eight thereof. Further, an award of punitive damages would amount to a deprivation of property without due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Section Fourteen of the Mississippi Constitution. The criteria used to determine whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise and inconsistent, and are therefore in violation of the United States and Mississippi Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages as sought by the Plaintiff is subject to no absolute predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that a jury may impose and would violate the Fourteenth Amendment to the United States Constitution and the Mississippi Constitution.  Any award of punitive damages and any method by which they might be assessed against Barrientos are unconstitutionally vague and not rationally related to a legitimate government interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

Barrientos would show that the Plaintiff's claim for punitive damages does not conform with the standards set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW v. Gore*, 517 U.S. 559 (1996) and *MIC Life Ins. Co., et al v. Hicks*, 825 So.2d 616 (Miss. 2002).  Barrientos asserts all rights and defenses prescribed

in these cases and their progeny, including but not limited to the right to a *de novo* review of any award of punitive damages that might be rendered in this matter.

### FIFTEENTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages would violate the Federal Aviation Administration Authorization Act, 49 U.S.C. §14501(c), as it impacts rates, routes or services of a motor carrier. As such, Mississippi law on punitive damages is preempted.

### SIXTEENTH AFFIRMATIVE DEFENSE

Barrientos affirmatively alleges and avers that the seeking of punitive damages by Plaintiff in this matter is in violation of the Litigation Accountability Act, Mississippi Rule of Civil Procedure 11 and all related court decisions. As a result thereof, the punitive damages claims and allegations in Plaintiff's Complaint should be dismissed. Barrientos hereby demands that Plaintiff dismiss his claim for punitive damages. Otherwise, Barrientos hereby requests the Court to dismiss Plaintiff's punitive damages claim and award Barrientos attorney fees and costs against the Plaintiff for improperly alleging and seeking punitive damages in violation of the Litigation Accountability Act and Mississippi Rule of Civil Procedure 11.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages based upon any theory of *respondeat superior* or vicarious liability is impermissible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case measured by the wealth of a Defendant would constitute an impermissible punishment of status.

## NINTEENTH AFFIRMATIVE DEFENSE

Barrientos hereby gives notice that it intends to rely upon such other and further defenses which may be available or become apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

## TWENTIETH AFFIRMATIVE DEFENSE

Any allegations contained in the Complaint which are not specifically admitted herein are denied.

## ANSWER

Barrientos, having listed its affirmative defenses, answers the First Amended Complaint, paragraph by paragraph, as follows:

### I.

Admitted, upon information and belief.

### II.

It is admitted that Julio Cesar Zelaya, incorrectly identified as Zelaya Cesar, is a resident of Texas.  It is admitted that Alexander Barrientos d/b/a Gulf American Transportation, incorrectly identified as Gulf American Transportation, is a resident of Texas, with the address of 12930 Pecan Shores Drive, Houston, Texas.  All allegations in Paragraph II which are not specifically admitted are denied.

6

III.

The allegations of Paragraph III pertain to parties other than Barrientos and do not require a response.  To the extent a response is required, the allegations are denied.

IV.

Admitted, although Barrientos has filed a notice of removal, as jurisdiction is also proper in the United States District Court for the Southern District of Mississippi, Northern Division.

V.

Admitted, although Barrientos has filed a notice of removal as venue is also proper in the United States District Court for the Southern District of Mississippi, Northern Division.

VI.

Barrientos admits an accident occurred on April 16, 2014 in Hinds County, Mississippi between a motor vehicle driven by Virgil Neely and a motor vehicle driven by Julio Cesar Zelaya.  Barrientos is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph VI, and enters a general denial as to those allegations.

VII.

Barrientos admits that it employed Julio Cesar Zelaya at the time of the accident. Barrientos admits the vehicle driven by Julio Cesar Zelaya at the time of the accident belonged to Barrientos.  Barrientos is without sufficient knowledge and information to

form a belief as to the truth of the remaining allegations in Paragraph VII, and enters a general denial as to those allegations.

## VIII.

Barrientos is without sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph VIII, and enters a general denial as to those allegations.

## XII. [sic]

Barrientos is without sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph XII, and enters a general denial as to those allegations, including all subparts.

## [Unnumbered Paragraph]

Barrientos denies the allegations in the unnumbered paragraph of the Complaint which starts "WHEREFORE, PREMISES CONSIDERED."

WHEREFORE PREMISES CONSIDERED, Barrientos respectfully requests that the Complaint against it be dismissed with all costs and expenses awarded against Plaintiff.

**[SIGNATURE ON FOLLOWING PAGE]**

8

Respectfully submitted, this the 6th day of March, 2015.

<div style="margin-left: 40%">

ALEXANDER BARRIENTOS D/B/A
GULF AMERICAN TRANSPORTATION

By Its Attorneys

DunbarMonroe, PLLC


BY:   <u>s/ David C. Dunbar</u>
       David C. Dunbar
       (dcdunbar@dunbarmonroe.com)
       Suzanne C. Hudson
       (shudson@dunbarmonroe.com)

</div>

OF COUNSEL:
David C. Dunbar (MSB #6227)
Suzanne C. Hudson (MSB #103079)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157
Telephone (601) 898-2073
Facsimile (601) 898-2074

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that I have this day filed the foregoing instrument with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Sandra Stasher, Esq.
P.O. Box 494
Jackson, MS 39205

THIS the 6th day of March, 2015.

s/ David C. Dunbar
David C. Dunbar
Suzanne C. Hudson

10